308 P.2d 581

PRINCE HALL GRAND LODGE OF FREE AND ACCEPTED MASONS, New Mexico, a Corporation, a Fraternal Order, Elijah Johnson, Grand Master, Henry Hart, Deputy Grand Master, M. C. Rhoten, Grand Treasurer, and James W. Woods, Jr., Grand Secretary suing as Officers of Prince Hall Grand Lodge of Free and Accepted Masons, New Mexico, A Corporation, A Fraternal Order, Plaintiffs-Appellees,

v.

MOST WORSHIPFUL KING SOLOMON GRAND LODGE, A. F. & A. M. (COLORED) of New Mexico and Jurisdiction and Queen Esther Chapter of the Order of the Eastern Star, A Corporation, N. W. Jones, Grand Master, Horace Weathers, Grand Treasurer, E. M. McKinzie, Grand Secretary, Defendants-Appellants.

No. 6143.

Supreme Court of New Mexico.

Jan. 28, 1957.

Rehearing Denied April 3, 1957.

Donald D. Hallam, Hobbs, for appellants.

Wilson & Ahern, Albuquerque, Amos T. Hall, Tulsa, Okl., for appellees.

COMPTON, Justice.

Appellee seeks to restrain appellant from holding itself out as the Masonic Grand Lodge, Colored, for the jurisdiction of New Mexico, and to restrain the use by it of the name "Free and Accepted Masons of New Mexico" and "A.F. and A.M. (Colored)" of New Mexico, also to restrain appellant from using the insignia, signs, symbols, and rituals commonly associated with Masonry. Appellant responded by a general denial of all substantive allegations and with affirmative defenses which were put in issue. As affirmative defenses, appellant alleges (a) that it was chartered as a Masonic Grand Lodge under the laws of the State of New Mexico, and (b) that its operation in no way violated the rights of appellee. Issue being thus joined, the court made pertinent findings as follows:

"IV

"The court finds that the defendant Grand Lodge in contravention of Masonic law, landmarks, usages, and customs, has set itself up as the Masonic Grand Lodge for the jurisdiction of New Mexico and that said defendant Grand Lodge is using the, names, signs, insignia, symbols and distinctive phrases generally associated with Masonry"

"V

"The court finds that under the Masonic law, the plaintiff Grand Lodge is the supreme Masonic authority in the State of New Mexico; that if the defendant Grand Lodge is permitted to adopt and use the names, signs, insignia, symbols, and distinctive phrases generally associated with Masonry, such actions on the part of the defendant Grand Lodge tend to constitute and unfair competition."

The court concluded that appellee Grand Lodge is the duly authorized Grand Lodge of New Mexico, and that appellant's activ-

ities constituted unfair competition. Judgment was entered granting the relief prayed for, and appellant prosecutes this appeal.

There is no substantial dispute in the evidence. Appellee traces its origin to Colonial days. On March 6, 1775, Prince Hall, a free negro, and 14 other free negroes of Boston, Massachusetts, were initiated into the Masonic Fraternity by a British Army Lodge. When the British evacuated Boston, the Army Lodge granted Prince Hall and his associates a permit to meet as a Lodge of Masons. Thereafter, in 1784, the Grand Lodge of England granted Prince Hall authority to organize other lodges in Massachusetts. Upon the death of Hall, the various subordinate lodges thus organized by him, organized the Prince Hall Grand Lodge of Massachusetts. Since then Prince Hall Grand Lodges have been organized in Canada, Bahama Island, Liberia, and elsewhere in the United States, particularly in Colorado and Texas. Operating under the jurisdiction of Colorado and Texas, seven subordinate lodges, all Prince Hall affiliates, were organized in New Mexico and continued in existence until such time as a Grand Lodge could be organized. In 1921, appellee lodge was chartered under the name "Grand Lodge of Free and Accepted Masons, New Mexico" by the seven subordinate lodges then existing. In July 1941, appellee amended its corporate name by prefixing thereto the name "Prince Hall."

Appellant Grand Lodge was organized in 1938 under the name "Most Worshipful King Solomon Grand Lodge, A.F. & A.M. (Colored) of New Mexico and Jurisdiction and Queen Esther Chapter of the Order of the Eastern Star" and it now has several subordinate lodges in New Mexico, some of which are located in the same towns and cities as appellee's subordinate lodges. Admittedly, it uses the insignia, symbols, emblems, etc., as used by appellee.

We think appellant's use of the word "Mason" or the terms "Free and Accepted Masons" or "A.F. & A.M." or "F. & A.M.", renders the name of the Grand Lodges so strikingly similar, as to cause confusion, tends to deceive the public, and induces persons to join one institution when actually they intended to join the other. This is verified from what is later said. The quoted words and terms are distinctive features of appellee; indeed, they are its most valuable assets. Consequently, appellee should be protected from any invasion of the right of exclusive use of them, also in the exclusive use of its insignia, symbols, emblems, etc., commonly used by it in the practice of Masonry. Supreme Grand Lodge, Modern Free and Accepted Colored Masons of World v. Most Worshipful Prince Hall Grand Lodge, Free and Accepted Masons, Jurisdiction of Georgia, 5 Cir., 209 F.2d 156, certiorari denied 347 U.S. 953, 74 S.Ct. 679, 98 L.Ed. 1099; Na-

tional Circle, Daughters of Isabella v. National Order of Daughters of Isabella, 2 Cir., 270 F. 723, certiorari denied 255 U.S. 571, 41 S.Ct. 376, 65 L.Ed. 791; Most Worshipful Prince Hall Grand Lodge, Free and Accepted Masons of Colorado and Jurisdiction v. Most Worshipful Hiram Grand Lodge, Free and Accepted Ancient York Masons of Colorado and Jurisdiction, National Compact Prince Hall Origin, 85 Colo. 17, 273 P. 648; Talbot v. Independent Order of Owls, 8 Cir., 220 F. 660.

We note the strife that once existed in one of appellee's subordinate lodges which resulted in some of its members being suspended by the Grand Master. We also note that shortly thereafter appellant Grand Lodge sprang into existence and some of the suspended members assisted in its organization. They used the same insignia, symbols, and words used by Prince Hall Masons, and for a time called themselves Prince Hall Masons. The confusion growing out of this unfortunate circumstance is reflected by the testimony of the witness M. C. Rhoten, as follows:

"Q. What has been the effect on the Prince Hall Grand Lodge of New Mexico by the operation of this defendant?

A. The effect has been very devestating, you might say, to Prince Hall Grand Lodge. They would go out and say that they are affiliated with Prince Hall and take men in, and of course a lot of them when they get in they don't know what they are in, then they come back and want to join us, or do join. It cuts us off, it keeps the people confused and cuts us off of membership, and charity that we do. We could do more if we didn't have opposition in that respect.

"Q. Has your grand lodge sustained a loss of membership since the organization of this grand lodge? A. Yes, it has.

"Q. As a result you have not only lost members, but income? A. Yes.

"Q. And that has affected your charity program? A. That's right."

We think the findings are amply sustained by the evidence.

Appellant makes the point that appellee is not protected in its insignia, symbols, etc., because it failed to register them as provided by § 51–19–1 to § 51–19–7, 1953 Comp. This point is without force, the statutes are permissive. They merely grant a new remedy for an existing right and do not destroy or abrogate preexisting common law rights. Supreme Grand Lodge, Modern Free and Accepted Colored Masons of World v. Most Worshipful Prince Hall

Grand Lodge, Free and Accepted Masons, Jurisdiction of Georgia, supra.

It is also contended that the court erred in basing its findings on Masonic Law, usages, customs, etc. We do not so construe the finding. While the findings do mention these words, we observe in the court's conclusion there are mixed findings of fact and conclusions of law, which clearly show that the judgment rests alone on legal rights. The court could not fail to see from the evidence that Masonic law and Jurisprudence had been violated by appellant.

It is urged that the effect of the judgment is to declare that appellee Grand Lodge has the superior and exclusive right to the quoted words and terms as against the claims of other parties who may assert a superior right to them. In this respect, our holding is not to be construed as res judicata as to parties not before us. Most Worshipful Prince Hall Grand Lodge, Free and Accepted Masons of Colorado and Jurisdiction v. Most Worshipful Hiram Grand Lodge, Free and Accepted Ancient York Masons of Colorado and Jurisdiction, National Compact Prince Hall Origin, supra.

The judgment will be affirmed, and it is so ordered.

LUJAN, C. J., and SADLER, McGHEE and KIKER, JJ., concur.